193 P.3d 20 (2008)
345 Or. 292
In the Matter of J.W., aka J.M., a Minor Child.
STATE ex rel. JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, Respondent on Review,
v.
J.W., Petitioner on Review.
(CC 9511834861; CA A136927; SC S055840).
Supreme Court of Oregon, En Banc.
Argued and Submitted June 25, 2008.
Decided September 18, 2008.
*21 Stuart Spring, Juvenile Rights Project, Portland, argued the cause and filed the petition for petitioner on review.
Jamie K. Contreras, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.
WALTERS, J.
In this case we consider the appealability of a decision of a juvenile court referee in a juvenile dependency proceeding.
This proceeding began when the Department of Human Services (DHS) filed a petition alleging that a child was within the jurisdiction of the Multnomah County Juvenile Court. As amended, the petition included allegations that child's mother had emotional problems that negatively had affected child, that mother had failed to provide for the dental needs of child, and that, on one or more occasions, the family had been without food. The petition also contained allegations that child's father had engaged in domestic violence that put child at risk and criminal conduct that impaired father's ability to care for child.
Mother appeared at a hearing before a Multnomah County Juvenile Court judge, Judge Wyatt. On September 6, 2007, Wyatt completed and entered a form document, and, by checking a box in the heading of that document, indicated that she was entering "Findings and Orders Regarding One Parent." In the body of that document, Wyatt stated that the previously described allegations in the petition regarding mother were true and that "child & mother have special needs[,] & mother needs the services of the court & DHS to meet this child's basic and special needs and care." Those findings were relevant to a finding that child was within the jurisdiction of the court pursuant to ORS 419B.100(1)(d);[1] however, Wyatt did not check the box on the form document indicating that she had reached that conclusion. Wyatt ordered that the case be "reviewed by * * * [t]he [c]ourt" on September 18, 2007, before "Ref Hughes" for a joint settlement conference, "disposition as to mom," and review. Wyatt signed the form document above a line titled "Judicial Officer."
Hughes, who is a juvenile court referee, conducted the September 18, 2007, proceedings, and set out her decision on a form identical to that used by Wyatt. However, Hughes checked a box to give her document the heading "Judgment Establishing Dependency Jurisdiction and Disposition." In the body of that document, Hughes found that father had failed to appear and that the previously described allegations pertaining to him were true. Like Wyatt, Hughes did not check the box indicating that she found child to be within the jurisdiction of the court pursuant to ORS 419B.100, but Hughes did check boxes indicating that she was making *22 child a ward of the court and appointing DHS the guardian of child. Hughes stated that child was doing fine in mother's care, and she required both parents to participate in specified services. Hughes set the case for further review and signed the document on September 18, 2007, above the line entitled "Judicial Officer." A statement at the end of the form provided that "[a]ny order entered by a Referee shall become final unless a written request for a rehearing, before a Judge, is filed within 10 days of the Referee's order."
Mother did not file a request for a rehearing. She did file two notices of appeal, one appealing the Wyatt "Findings and Orders Regarding One Parent" and the other appealing the Hughes "Judgment Establishing Dependency Jurisdiction and Disposition." Both notices were assigned the same case number in the Court of Appeals.
The Court of Appeals issued an order to show cause why the appeal should not be dismissed, for the reason that the Wyatt decision "does not appear to be an appealable order under ORS 419A.200(1)." Mother conceded that the Wyatt decision was not appealable, but she asserted that the Hughes decision met the statutory criteria. The Court of Appeals concluded that the Wyatt "order" was not subject to appeal, and it dismissed the case. Mother filed a motion to reconsider, directing the court's attention to her appeal of the "judgment" entered by Hughes. The state filed a response, agreeing that the Hughes "judgment" was appealable. The Court of Appeals nevertheless denied reconsideration, reasoning that "[a] judgment signed by a referee is not appealable" and that "[a]ppellant has not shown that she requested a rehearing within 10 days of the judgment." Mother sought review, which we allowed to address the appealability of the "judgment" entered by Hughes.[2]
Juvenile court proceedings are governed by chapter 419 of the Oregon Revised Statutes. ORS 419A.200(1) provides that "any person or entity * * * whose rights or duties are adversely affected by a judgment of the juvenile court may appeal therefrom."[3] (Emphasis added.) The document that Hughes signed adversely affects the rights of appellant, and therefore it may be appealed under ORS 419A.200 if it is a "judgment" of the juvenile court. ORS 419A.205(1) defines a "judgment" for purposes of appeal:
"For the purpose of being appealed, the following are judgments:
"(a) A judgment finding a child or youth to be within the jurisdiction of the court;
"(b) A judgment disposing of a petition including, but not limited to, a disposition under ORS 419B.325 or 419C.411;
"(c) Any final disposition of a petition; and
"(d) A final order adversely affecting the rights or duties of a party and made in a proceeding after judgment including, but not limited to, a final order under ORS 419B.449 or 419B.476."
(Emphases added.)
The parties begin their arguments from the same foundation-paragraphs (a) and (b) of ORS 419A.205(1).[4] The parties agree that, as to paragraph (a), the Hughes decision was a finding that child was "within the jurisdiction of the court,"[5] and the state does not dispute that, as to paragraph (b), the Hughes decision was a decision disposing of a petition *23 under ORS 419B.325. The parties' arguments diverge, however, as to whether those decisions were "judgments," as that term is used in those paragraphs.
Mother argues that no statute prohibits a referee from entering a judgment. The term "judgment" as used in paragraphs (a) and (b) of ORS 419A.205(1) may be only a descriptor of the decision referred to in those paragraphs. Under that construction, as long as the decision that a referee makes is a decision of the type described, and the decision is labeled a "judgment," it is arguable that the decision is a judgment subject to appeal. Therefore, because Hughes found child to be within the jurisdiction of the court and disposed of a petition, the document that she entered, which was labeled a judgment, arguably met the terms of ORS 419A.205(1)(a) and (b). Furthermore, mother contends that, although there is a statute, ORS 419A.150(7), that permits rehearing of a decision of a referee,[6] that statute does not require rehearing or make rehearing a prerequisite to an appeal.
Acknowledging that it has changed its position since the matter was heard by the Court of Appeals, the state responds that ORS 419A.150, the statute authorizing juvenile referees to conduct juvenile court proceedings, permits referees to enter orders, but not judgments; judgments may be entered only by judges. Further, the state argues, mother's failure to seek rehearing of the Hughes decision under ORS 419A.150(7) precludes her appeal.
As is apparent, the parties differ over the meaning of the term "judgment" as that term is used in the statute governing appeals of juvenile court decisions, ORS 419A.205. The parties' arguments focus on the text of that statute and the context in which it is used in chapter 419A, which governs juvenile court proceedings. However, chapter 419A is not the only chapter of the Oregon Revised Statutes that addresses the appealability of juvenile court decisions. Chapter 18 governs the appealability of judgments generally, and, as explained below, three of the statutes in that chapter are determinative here.
The first statute requires the creation of a "judgment document." ORS 18.035(2) provides that, in "juvenile proceedings under ORS chapters 419A, 419B and 419C, the judge shall ensure that a judgment document complying with ORS 18.038 and 18.048 is created and filed." (Emphases added.)
The second statute requires that, with one exception not applicable here, a judgment document must contain the signature of a judge. ORS 18.038(4)(c) provides that "[a] judgment document must include" "[t]he signature of the judge rendering the judgment, or the signature of the court administrator if the court administrator is authorized by law to sign the judgment document * * *."
The third statute, ORS 18.245, sets forth the requirements of chapter 18 that are "jurisdictional for the purposes of appeal of a judgment[.]" ORS 18.245 lists those requirements:
"(1) The judgment document for the judgment must be plainly titled as a judgment as required by ORS 18.038(1).
"(2) The judgment document for the judgment must comply with the requirements of ORS 18.038(4).
"(3) The court administrator for the circuit court rendering the judgment must note in the register of the court that the judgment document has been filed, as required by ORS 18.058(1)."
As noted, one of the requirements of ORS 18.038(4) is that the document be signed by the judge who rendered the judgment.
The statute upon which the parties premise their arguments, ORS 419A.205, was enacted in 2001. See Or. Laws 2001, ch. 480, § 2 (enacting text of statute).[7] Thereafter, *24 the legislature adopted the three statutes we have set forth above. See Or. Laws 2003, ch. 576, §§ 3, 4 (enacting original versions of ORS 18.035 and ORS 18.038); Or. Laws 2005, ch. 568, § 2 (enacting ORS 18.245). Because the legislature's most recent enactments control, see Col. R.-L. Bridge Co. v. Wellington, 140 Or. 413, 417, 13 P.2d 1075 (1932) (noting that "the last expression of the legislative will controls"), and because the legislature in ORS chapter 18 made a judicial signature a prerequisite to an appeal, we need not decide whether ORS 419A.205 also imposes a requirement that a judge enter the decision to be appealed. Under ORS 18.035, ORS 18.038, and ORS 18.245, a judgment must be signed by a judge, and the absence of a judge's signature is a jurisdictional defect.
The final issue for our consideration is whether the Hughes decision satisfies the judicial signature requirement of ORS 18.038(4). We take judicial notice that, at the time that she signed the document in this case, Hughes had been appointed not only as a juvenile court referee, but also as a circuit court judge pro tem for Multnomah County. However, Wyatt set the September 18, 2007, hearing before "Ref" Hughes, and, on this record, we are unable to conclude that Hughes signed the "judgment" in any capacity other than as a referee. We therefore hold that the Hughes "judgment" is not appealable[8] and that the Court of Appeals correctly dismissed mother's appeal.
The decision of the Court of Appeals is affirmed. The appeal is dismissed.
NOTES
[1] ORS 419B.100(1) provides, in part:

"Except as otherwise provided in subsection (6) of this section and ORS 107.726, the juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:
"* * * * *
"(d) Who is dependent for care and support on a public or private child-caring agency that needs the services of the court in planning for the best interest of the person[.]"
[2] Mother did not seek review of the ruling of the Court of Appeals as to Wyatt's decision, and we do not decide whether that order was appealable.
[3] ORS 419A.200(1) provides, in full:

"Except as provided in ORS 419A.190, any person or entity, including, but not limited to, a party to a juvenile court proceeding under ORS 419B.875 (1) or 419C.285 (1), whose rights or duties are adversely affected by a judgment of the juvenile court may appeal therefrom. An appeal from a circuit court must be taken to the Court of Appeals, and an appeal from a county court must be taken to the circuit court."
[4] Mother asserted in her petition to this court that the Hughes decision was also appealable under ORS 419A.205(1)(c). At oral argument, mother abandoned that argument, and we do not address it.
[5] As noted, Hughes did not check the box indicating that she found child to be within the jurisdiction of the court. However, the parties have assumed that the factual findings Hughes made were sufficient to establish jurisdiction.
[6] ORS 419A.150(7) provides:

"At any time prior to the expiration of 10 days after the entry of the order and findings of a referee into the court register, a child, ward, youth, youth offender, the parent, guardian, district attorney, Department of Human Services, juvenile department or other party affected by the order may request rehearing. The request for rehearing must be served upon all parties by the party requesting the rehearing."
[7] The legislature made minor amendments to ORS 419A.205 in 2003. See Or. Laws 2003, ch. 348, § 1 (changing "child" to "child or youth," and adding references to ORS 419C.411); Or. Laws 2003, ch. 396, § 29 (also changing "child" to "child or youth").
[8] Our experience with this case suggests that it may be worthwhile for the bench and bar to review forms used in juvenile dependency proceedings to consider whether they should be modified in light of current statutory requirements. For example, the form used in this case does not appear to include a heading that would permit a judge to enter a "judgment" finding that a child is within the jurisdiction of the court without also entering a disposition. Similarly, the form does not appear to include a heading that would permit a referee to enter an "order" of jurisdiction or disposition, other than an "Order Regarding One Parent." The form also may not specifically or correctly indicate the role of the person who signs it. See ORS 1.210 (defining "judicial officer" to be "a person authorized to act as a judge in a court of justice").